From the bill of exceptions in this cause, it appears that the plaintiff read in evidence a grant dated 20th July, 1796, founded on a warrant usually termed an Evan's battalion warrant. The defendant gave in evidence a grant dated in the year 1793, founded on a military warrant; and it was proved that the land covered by it is south of the military line and out of the military reservation. The Court instructed the *Page 204 
jury that a grant founded on a military warrant and out of the military bounds was void and conveyed no title. It also gave other instructions to the party tending to evince that the plaintiff's grant did not cover the land in dispute. To the charge of the Court on these latter points the plaintiff excepted. A verdict and judgment was given for the defendants and the cause removed by writ of error. The sole question now presented to the Court is, whether the defendants' grant being without the military reservation be void. For if that grant be good, the Court ought not to remand the cause for trial over, though on examination it should appear that the charge was incorrect on other points.
The question is the same which was brought before the Court at Carthage in the case agreed, Catron's Lessee v. Lowry. The case was several times ably and ingeniously argued on both sides, and has been continued on advisement for several terms.
The opinion which has been at last agreed on in that case will decide the present question.
In discussing this subject, two questions were presented for consideration. 1. Whether a grant founded on a military warrant for lands not within, the military reservation be void. 2. If it be void, can it be inquired into in an action of ejectment.
Since the time when the Court determined in the former suit, I have not had time to commit to writing my ideas on that subject; it may now be sufficient to say that the result of the opinion delivered (by Whyte, J.) is in conformity with mine, that a grant on a military warrant without the military bounds is not void.
On the second point, as I understand that opinion, I can not entirely concur; but as the decision of the cause does not rest on this point, it will only be necessary to state briefly the opinion I entertain on that part of the subject. A grant may be repealed by a sci.fa. *Page 205 
founded upon a matter of record; making an issue upon it to be tried by a jury, and upon that a judgment may follow to annul and vacate it.
Further I am of opinion that, consistently with the spirit of our Constitution, found on the twenty-ninth article of Magna Charta, a grant ought not to be repealed by a bill in equity in which the chancellor is not bound to refer to a jury the matters in issue. In this court no grant is recorded, nor any inquisition of a jury returned, to serve as a foundation for the proceedings against it.
If a grant be void for matter precedent to its completion, and remains unrepealed, the evidence to show that it is void, whether parol or otherwise, may be given upon a collateral issue in any action where the validity of the grant comes in question in the same way and to prove the same fact which it would be received to prove in an issue on the sci. fa. Upon such evidence, the jury, under the direction of the Court, will apply the law and consider the grant void; otherwise, he against whom a void grant should be produced would be obliged to give up his possession to the grantee of such void grant, though he should be in possession of indubitable testimony fully competent to its destruction on a sci. fa. There is no reason for rejecting the evidence in one case more than the other; and to say that a grant, however fraudulently obtained, can not be set aside unless for a defect appearing on the face, or on some matter of record (which a fraudulent procurer in almost every instance will take care shall not appear); he will have nothing more to do but to act as fraudulently as suits his purposes, and then intrench himself behind the rule that his fraud must appear of record or can do him no harm. After a repeal of a grant it can never again have any effect, nor can the grantee claim any interest under it. It is deemed as absolutely void as if it had never existed. But an avoidance on a collateral *Page 206 
issue does not affect a repeal; for, until repealed, it may from time to time be brought forward again, and be met with the same evidence as at first.
On the other point in which objections were made to the charge of the judge respecting the grant of the plaintiff below not covering the land in dispute, whether the fact be so or not I have not made much inquiry, but think the judge expressed his opinion of that part in language too strong and conclusive. He ought rather to have left it to the jury to ascertain the fact from the testimony; and I should be disposed to reverse the judgment on that ground, and remand the cause for another trial. But as was said before, the Court ought not; to remand a cause for trial when the opinion on the other ground is decisive as to the rights of the contending parties.